IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

Dated: December 09, 2009



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

**TIFFANY & BOSCO**
P.A.

2525 EAST CAMELBACK ROAD SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-11966 / 8409729

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Lyle Lee Fobar<br>      Debtor.<br>_____<br>Wells Fargo Bank, N.A.<br><br>      Movant,<br>  vs.<br><br>Lyle Lee Fobar, Debtor; Edward J. Maney, Trustee.<br><br>      Respondents. | No. 2:09-bk-07865-RJH<br><br>Chapter 13<br><br>EXPARTE ORDER TERMINATING THE AUTOMATIC STAY FOR FAILURE TO CURE PURSUANT TO THE TERMS OF THE ADEQUATE PROTECTION ORDER |

    Pursuant to the Order entered on August 24, 2009, attached hereto as Exhibit "A", and by this reference incorporated herein, the above-referenced Debtor; were obligated to make specified payments which they have failed to make.

    The Debtor has failed to comply thereby necessitating a written Notice of Default. Attached hereto as Exhibit "B" is a copy of the Notice of Default.

Based on the failure to cure the contractual agreement of the parties, the prior court order and good cause appearing:

IT IS HEREBY ORDERED that the Automatic Stay is the above-entitle Bankruptcy case is immediately extinguished for all purposes as to Secured Creditor, Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A. may exercise whatever state law or contractual rights it may have regarding the property generallydescribed as: 12405 West Canterbury Drive El Mirage, AZ 85335 ("Property" herein) and legally described as:

Lot 82, of RANCHO MIRAGE UNIT II PARCEL II - PHASE 1, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 523 of Maps, page 31.

IT IS FURTHER ORDERED Wells Fargo Bank, N.A. and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

IT IS FURTHER ORDERED that all conditions of the adequate protection order regarding conversions are binding and are hereby affirmed in this Order as well.

DATED this _____ day of _____, 2009.

_____
UNITED STATES BANKRUPTCY JUDGE

TIFFANY & BOSCO
P.A.
2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-11966/8409729

IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

Dated: August 24, 2009

*Randolph J. Haines*
RANDOLPH J. HAINES
U.S. Bankruptcy Judge



## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Lyle Lee Fobar<br>    Debtor.<br>_____<br>Wells Fargo Bank, N.A.<br><br>    Movant,<br>vs.<br><br>Lyle Lee Fobar, Debtor; Edward J. Maney, Trustee.<br><br>    Respondents. | No. 2:09-bk-07865-RJH<br><br>Chapter 13<br><br>(Related to Docket # 22)<br><br>**ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF**<br><br>RE: Real Property Located at<br>12405 W. Canterbury Dr.<br>El Mirage, AZ 85335 |

    IT IS HEREBY STIPULATED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in the records of the Maricopa County, Arizona Recorder's Office, wherein Lyle Lee Fobar, is designated



EXHIBIT A

as trustor and Wells Fargo Bank, N.A. is the current beneficiary, which Deed of Trust encumbers the following described real property:

> Lot 82, of RANCHO MIRAGE UNIT II PARCEL II - PHASE 1, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 523 of Maps, page 31.

IT IS FURTHER STIPULATED that the debtor will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| 3 Monthly Payments at $1,275.28 (June 1, 2009 to August 1, 2009) | $3,825.84 |
| Late Charges at $49.14 each (June 15, 2009 to August 15, 2009) | $ 147.42 |
| Motion for Relief filing fee | $ 150.00 |
| Bankruptcy Attorney Fees Due | $ 800.00 |
| Less Debtor Suspense of | <$24.72> |
| Total Amount of Post-Petition Default | $4,898.54 |

1. The total arrearage above in the amount of $4,898.54 shall be paid in six (6) monthly installments of $816.43. These payments shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the September 15, 2009 payment and continuing throughout and concluding on or before February 15, 2010.

2. In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for **September 1, 2009 (Coming Due),** which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER STIPULATED that Wells Fargo Bank, N.A. as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Stipulation are complied with. In the event of default in

making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtor, Debtor's Counsel and Trustee and Debtor's failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER STIPULATED that if a default notice becomes necessary, Debtor will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtor shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order,</u> made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER STIPULATED that if Debtor Bankruptcy Case No. 2:09-bk-07865-RJH is dismissed, either voluntary or involuntary, for any reason, this Stipulation will become null and void and Wells Fargo Bank, N.A., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER STIPULATED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the

portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER STIPULATED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.

_____
United States Bankruptcy Court Judge

4

# TIFFANY & BOSCO
### P.A.

2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-11966/8409729

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-07865-RJH |
| Lyle Lee Fobar | Chapter 13 |
| Debtor. | NOTICE OF DEFAULT |
| Wells Fargo Bank, N.A. | |
| Movant, | RE: Real Property Located at 12405 W. Canterbury Dr. El Mirage, AZ 85335 |
| vs. | |
| Lyle Lee Fobar, Debtor; Edward J. Maney, Trustee. | |
| Respondents. | |

      Wells Fargo Bank, N.A. secured creditor, (hereinafter referred to as "Secured Creditor"), by its attorneys TIFFANY & BOSCO, P.A., hereby files this Notice of Default in the above-captioned case, and avers as follows:

      1.    An Order was entered on August 26, 2009 which provides for the lifting of the stay imposed by Section 362(a) of the U.S. Bankruptcy Code with respect to that certain Deed of Trust

recorded in the records of the Maricopa County, Arizona Recorder's Office, which encumbers the following real property:

    Lot 82, of RANCHO MIRAGE UNIT II PARCEL II - PHASE 1, according to the plat of record

    in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 523 of

    Maps, page 31.

A Copy of said Order is attached hereto as Exhibit "A".

    2.    As of the date of this Notice of Default, the Debtor is not made the payments as required by the aforementioned Order. The Debtor is presently past due as follows:

| | |
|---|---|
| 1 Monthly Payments(s) at $1,275.28 | $1,275.28 |
| (September 1, 2009 - September 1, 2009) | |
| 1 Late Charge(s) at $49.14 | $49.14 |
| (September 16, 2009 - September 16, 2009) | |
| 1 Monthly Payments(s) at $816.43 | $816.43 |
| (September 15, 2009 - September 15, 2009 | |
| 1 Monthly Payments(s) at $1,275.28 | $1,275.28 |
| (October 1, 2009 - October 1, 2009) | |
| 1 Late Charge(s) at $49.14 | $49.14 |
| (October 16, 2009 - October 16, 2009) | |
| 1 Monthly Payments(s) at $816.43 | $816.43 |
| (October 15, 2009 - October 15, 2009) | |
| 1 Monthly Payments(s) at $1,275.28 | $1,275.28 |
| (November 1, 2009 - November 1, 2009) | |
| Attorneys Fees | $150.00 |
| Suspense Amount | ($1,250.00) |
| Total | $4,456.98 |

**PARTIAL TENDERS WILL NOT BE ACCEPTED**

    4.    Notice is hereby given to the Bankruptcy Court, Debtor, counsel for Debtor, and Trustee, that unless debtor default under the terms of the Stipulation and Order is cured not later than fifteen (15) days from date of this Notice, that Movant will proceed, pursuant to the Court's Order lifting the stay, to conduct a Trustee's Sale or mortgage foreclosure, in its discretion, with respect to the above-described

...

Deed of Trust.

DATED this 6th day of November, 2009.

                                      TIFFANY & BOSCO, P.A.

                                      By  /s/ MSB # 010167
                                            Mark S. Bosco
                                            Leonard J. McDonald
                                            2525 East Camelback Road
                                            Suite 300
                                            Phoenix, Arizona 850165
                                            Attorneys for Movant

*If the Debtor cures the default prior to the date of expiration this amount may be different.